UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| TERRANCE G. RICHARDS, | ) | CIV. 09-5021-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | REPORT AND |
| vs. | ) | RECOMMENDATION |
| | ) | |
| STATE OF SOUTH DAKOTA, | ) | |
| | ) | |
| Respondent. | ) | |

**INTRODUCTION**

This matter is before the court pursuant to a petition under 28 U.S.C. § 2254 for a writ of habeas corpus filed by Terrance Gene Richards on February 23, 2009. [Docket 1]. Mr. Richards challenges the jurisdiction of the South Dakota state courts over crimes committed in "Indian Country." Id. Respondent resists this petition and moves to dismiss it on exhaustion grounds. [Docket 24]. Also pending before the court are Mr. Richards' motions for appointment of counsel [Dockets 9, 26, & 30] and motion for immediate release, just compensation, and the return of life, liberty, and property [Docket 26]. Mr. Richards' § 2254 petition and all related motions were referred to this magistrate judge for a report and recommendation pursuant to the district court's order dated March 3, 2009, [Docket 4] and 28 U.S.C. § 636(b)(1)(B).

**FACTS AND PROCEDURAL HISTORY**

The court will limit the following recitation to those events relevant to this discussion. This case arises out of the Sixth Judicial Circuit, Bennett County, South Dakota.[1] On June 23, 2008, the Bennett County Sheriff's Office arrested Mr. Richards in connection with an attempted burglary of Boondocks Bar located in Bennett County. The arrest took place approximately one mile north of Highway 18 on Allen Road. The Sheriff's Office charged Mr. Richards with attempted third-degree burglary and possession of a device used to commit the burglary. On July 1, 2008, the Bennett County State's Attorney filed a criminal complaint charging Mr. Richards with one count each of attempted burglary in the third degree, possession of a device with intent to commit burglary, receipt or transfer of a stolen vehicle, and intentional damage to property. On July 15, 2008, an amended information was filed charging Mr. Richards with one count each of attempted burglary in the third degree, possession of a device with intent to commit burglary, and intentional damage to property. Also on July 15, 2008, a supplemental information was filed alleging that Mr. Richards was a habitual offender as he had a prior felony conviction for failure to appear.

A change of plea hearing was held on September 23, 2008, and, pursuant to a plea agreement, Mr. Richards pled guilty to one count of

---

[1] Mr. Richards' criminal file number in the circuit court is CR. 08-62.

attempted burglary in the third degree. On November 7, 2008, also pursuant to the plea agreement, the government dismissed the remaining counts of the amended information. Mr. Richards' sentencing hearing occurred on November 4, 2008, and the circuit court sentenced him to four years imprisonment with credit for 133 days served. The circuit court also ordered Mr. Richards to pay restitution in the amount of $400.00. A judgment of conviction was entered on November 10, 2008, and filed on November 17, 2008. Mr. Richards did not appeal his judgment of conviction to the South Dakota Supreme Court nor initiate state habeas proceedings.

On February 23, 2009, in the United States District Court for the District of South Dakota, Western Division, Mr. Richards filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] [Docket 1]. In the petition, Mr. Richards alleges that his arrest was unlawful as the state of South Dakota had no jurisdiction over "Indian Country" or highways running through tribal lands. Id. On March 2, 2009, Mr. Richards filed a supplement to his § 2254 petition.[3] [Docket 6]. Mr. Richards presents three grounds for relief based on alleged violations of law: (1) the state had no legal cause to prosecute Mr.

---

[2]This pleading is not identified as a petition under § 2254, but rather as a motion for immediate release due to lack of jurisdiction. However, respondent interprets this pleading as a *pro se* § 2254 petition as does the court.

[3]This supplement is the form most often used by petitioners when filing § 2254 petitions.

Richards, thereby violating his right to due process; (2) the state had no jurisdiction to prosecute Mr. Richards as the offense took place on tribal land and he was arrested on tribal land; and (3) the state falsely imprisoned Mr. Richards as it secured a conviction knowing that his arrest was unlawful. Id.

On April 2, 2009, respondent filed a motion to dismiss with prejudice Mr. Richards' § 2254 petition. [Docket 24]. Respondent argues that Mr. Richards failed to exhaust state court remedies for his claims, thereby precluding federal review of his claims on the merits. Id. In response to respondent's motion to dismiss, Mr. Richards provides further argument in support of his § 2254 claims, but does not address the exhaustion issue. [Docket 26]. In his response, Mr. Richards seeks the following relief from the court: his immediate release, just compensation, the return of life, liberty, and property, and the appointment of counsel.[4] Id. Mr. Richards has also filed several motions for the appointment of counsel. [Dockets 9, 26, & 30].

## DISCUSSION

**A.  Whether Mr. Richards Exhausted State Court Remedies**

Section 2254 of Title 28 of the United States Code limits a federal court's scope of review of § 2254 petitions filed by state prisoners in two important ways. See McCall v. Benson, 114 F.3d 754, 756-57 (8th Cir. 1997). First, a

---

[4]Although this document is labeled as a motion and brief in response to respondent's motion to dismiss, it is docketed as a pending motion for the relief requested.

federal court may only hear federal constitutional claims raised by state prisoners; that is, a petitioner must allege that his continued confinement for a state court conviction violates clearly established federal law or federal constitutional rights. See 28 U.S.C. § 2254(a), (d). The Supreme Court has made it clear that "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). In other words, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Secondly, a federal court may usually only consider those federal constitutional claims that a petitioner fairly presented to state courts in accordance with state procedural rules. Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc); Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992). The text of § 2254(b)(1) illustrates this point of law, as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

With respect to subsection (B)(i) above, Mr. Richards does not allege that the state of South Dakota lacks an available corrective process to address challenges to a petitioner's conviction or sentence. However, Mr. Richards stated that "[i]t was hard for [him] to enter anything in state court, it seemed biased," which is why he decided to proceed in federal court and circumvent the state corrective process. [Docket 6]. The court interprets this statement as a challenge to the effectiveness of the state corrective process. See 28 U.S.C. § 2241(b)(1)(B)(ii). Mr. Richards provides no explanation as to why he believes the state courts to be biased. This court cannot identify any action taken by the circuit court that would even remotely appear inappropriate. Indeed, the only substantive filings made by Mr. Richards in the circuit court were a motion to suppress and an amended motion to suppress. Because Mr. Richards pled guilty to third-degree attempted burglary before the suppression hearing could take place, the circuit court never had the opportunity to rule substantively on the issues presented in these motions. Therefore, Mr. Richards cannot find fault with the circuit court's resolution of these motions. Nor does Mr. Richards allege that the circuit court expressed bias by improperly accepting his guilty plea or imposing an unreasonable sentence, for example.

There is absolutely no evidence that circumstances existed then or now to render the state's corrective process ineffective to protect Mr. Richards'

rights. See id. Nor are there exceptional circumstances that would allow the court to waive the exhaustion requirement. See Jones v. Solem, 739 F.2d 329, 311 (8th Cir. 1984) ("Federal courts may deviate from the exhaustion requirement only where highly exceptional circumstances warrant prompt federal intervention."). Thus, the only issue is whether Mr. Richards has exhausted available state court remedies in compliance with § 2254(b)(1)(A).

A prerequisite for filing a § 2254 petition in federal court is that the state courts had the opportunity to hear federal constitutional claims and adjudicate those claims on the merits. See Weaver v. Bowersox, 438 F.3d 832, 839 (8th Cir. 2006) (a petitioner's claims must be adjudicated on the merits by a state court). Accordingly, an applicant may only file a § 2254 petition once he has exhausted state court remedies for the issues presented. See 28 U.S.C. § 2254(b)(1)(A). A petitioner has not exhausted state court remedies if he "has the right under the law of the State to raise, by any available procedure, the question presented." See 28 U.S.C. § 2254(b)(3)[c].

"[T]he exhaustion doctrine [of § 2254] requires a state prisoner to file for any available discretionary review in the state's highest court prior to filing for federal habeas relief." Clark v. Caspari, 274 F.3d 507, 510 (8th Cir. 2001). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "State courts, like

federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." Id. at 844.

In short, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

Further, a petitioner under § 2254 must *fairly* present federal claims to state courts. McCall, 114 F.3d at 757. In order to do so, "the petitioner must have referred to a specific constitutional right, a particular constitutional provision, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." Id. (citations and internal quotation marks omitted). The Supreme Court requires a "state prisoner to present the state courts with the same claim he urges upon the federal courts." Picard v. Connor, 404 U.S. 270, 276 (1971). Once a petitioner has *fairly* presented all federal claims to the state courts, then the exhaustion requirement of § 2254 is satisfied. Id. at 275. "A claim is considered exhausted when the petitioner has

afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker, 5 F.3d at 1179.

In Duncan v. Henry, 513 U.S. 364 (1995), the Supreme Court directly addressed this "fairly presented" requirement. During state proceedings, petitioner alleged that the introduction of a witness's testimony violated the rules of evidence and the constitution of the state. Id. at 364-65. However, in his federal habeas petition, petitioner claimed that the alleged evidentiary error violated his right to due process under the Fourteenth Amendment to the United States Constitution. Id. at 365. The Court of Appeals for the Ninth Circuit held that petitioner had satisfied § 2254's exhaustion requirement because the standards for addressing his state claims were virtually identical to those for his federal claims. Id. at 365-66.

The Supreme Court reversed, finding that petitioner "did not appraise the state court of his claims that the evidentiary ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment." Id. at 366. The Court reasoned that if a "habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Id. The Court concluded that "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be

alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id.

In short, "[p]resenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999) (*en banc*). In order to satisfy the "fairly presented" requirement, a petitioner must present both the operative facts and the substance of his federal habeas claim to the state courts. Barrett, 169 F.3d at 1161 (citing Abdullah, 75 F.3d at 411). To do so, a "petitioner is required to refer [in pleadings to the state court] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." Id. (citing Abdullah, 75 F.3d at 411-12); see also Wyldes v. Hundley, 69 F.3d 247, 251 (8th Cir. 1995) ("[I]t is not necessary to cite 'book and verse on the federal constitution.' At minimum, though, the petitioner...must have explicitly referred the state courts to the United States Constitution or federal case law.") (citations omitted).

It is clear from the record that Mr. Richards has not exhausted available state court remedies for his § 2254 claims and has not satisfied the exhaustion requirement of § 2254(b)(1)(A). Mr. Richards did not file a direct appeal of his conviction nor file a state habeas petition. Mr. Richards did raise a jurisdictional challenge in a motion to suppress and in an amended motion to

10

suppress before the circuit court[5]; however, Mr. Richards pled guilty to third-degree attempted burglary prior to the resolution of these motions on the merits. Thus, neither the circuit court nor the state supreme court had the opportunity to fairly consider Mr. Richards' habeas claims, to resolve any constitutional issues, and to provide redress, if appropriate.

**B.     Federal Review Where No Exhaustion Has Taken Place**

Federal courts must engage in a four-step analysis prior to reviewing § 2254 petitions that contain unexhausted claims. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988).

> Federal courts must conduct a four-step analysis to determine whether a petition may be considered when its claims have not been presented to a state court. See Laws v. Armontrout, 834 F.2d 1401, 1412-15 (8th Cir.1987). First, the court must determine if the petitioner fairly presented "the federal constitutional dimensions of his federal habeas corpus claim to the state courts." Id. at 1412. If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no "currently available, non-futile state remedies", through which the petitioner can present his claim. Id. If a state remedy does not exist, the court next determines whether the petitioner has demonstrated "adequate cause to excuse his failure to raise the claim in state court properly." Id. at 1415. If the petitioner

---

[5]The first motion to suppress was filed on July 24, 2008. Mr. Richards moved to suppress the fruits of his stop and arrest on the ground that the state had no jurisdiction to stop and arrest him on tribal land. An amended motion to suppress was filed on September 8, 2008. Mr. Richards moved to suppress any and all evidence obtained as a result of his arrest. He argued that law enforcement did not have probable cause to arrest him, that law enforcement failed to advise him of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and that the state was without jurisdiction to arrest him on tribal land.

11

can show sufficient cause, the final step is to determine whether he has shown "actual prejudice to his defense resulting from the state court's failure to address the merits of the claim." Id. The petition must be dismissed unless the petitioner succeeds at each stage of the analysis.

Id.

The court has already concluded that Mr. Richards did not fairly present his § 2254 claims to the state courts for adjudication. This conclusion then raises the issue of whether the exhaustion requirement is met because there are no available, non-futile state court remedies through which Mr. Richards may present his unexhausted claims. " 'Only after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims even if fairly presented will the exhaustion requirement be disregarded as futile.' " Id. at 297 (quoting Easton v. Wyrick, 528 F.2d 477, 482 (8th Cir. 1975)). The correct inquiry focuses on whether state law has a presently-available procedure for determining the merits of the petitioner's claim, not whether the state would decide in favor of the petitioner. Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984).

The court finds that Mr. Richards has recourse to such a remedy, namely a state habeas action. South Dakota Codified Law § 21-27-1 provides the following:

> Any person committed or detained, imprisoned or restrained of his liberty, under any color or pretense whatever, civil or criminal, except as provided herein, may apply to the Supreme or circuit court, or any justice or judge thereof, for a writ of habeas corpus.

SDCL § 21-27-1.

South Dakota Codified Law § 21-27-3.1 sets out the time period during which a state prisoner may file a state habeas petition.

> An application for relief under this chapter may be filed at any time except that proceedings thereunder cannot be maintained while an appeal from the applicant's conviction and sentence is pending or during the time within which such appeal may be perfected.

SDCL § 21-27-3.1.

Thus, although Mr. Richards did not file a direct appeal of his judgment of conviction and the time for doing so has long since passed,[6] he still has the opportunity to present his § 2254 claims to the state courts by way of a state habeas petition. Mr. Richards faces no impediment to filing such a petition. Because a non-futile state remedy is available to Mr. Richards, he must use this remedy to exhaust his § 2254 claims before seeking federal review.[7]

C.     **Whether Mr. Richards' Petition Should be Dismissed or Stayed**

When a petitioner files a § 2254 petition containing both unexhausted and exhausted claims and when there exists an available state court remedy to address unexhausted claims, generally a federal court must dismiss the § 2254 petition. Rose v. Lundy, 455 U.S. 509, 522 (1982). In Lundy, the Court held

---

[6]"An appeal from the judgment must be taken within thirty days after the judgment is signed, attested, and filed." SDCL § 23A-32-15.

[7]Because Mr. Richards cannot prevail at this second step in the four-step inquiry, the court need not address the remaining steps.

13

that "a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Id. at 510.

The Supreme Court carved out an exception to the rule in Lundy that authorizes federal courts to stay, rather than dismiss, a "mixed" habeas petition. Rhines v. Weber, 544 U.S. 269, 272 (2005). In Rhines, the Court held that a federal court has the discretion to stay a mixed habeas petition and hold it in abeyance while the petitioner presents his unexhausted claims to the state court and then returns to federal court for review of the perfected petition. Id. at 275-76. This stay and abeyance procedure is appropriate in situations where the outright dismissal of a "mixed" petition will likely prejudice the petitioner in refiling a perfected petition within the applicable one-year statute of limitations. Id. at 275.

However, Mr. Richards' § 2254 petition is not a "mixed" petition as it contains *only* unexhausted claims. The Ninth Circuit addressed the issue of whether the stay and abeyance procedure extends to such cases:

> District courts have the discretion to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims. We decline to extend that rule to the situation where the original habeas petition contained only unexhausted claims, but the record shows that there were exhausted claims that could have been included. Such an extension would result in a heavy burden on the district court to determine whether a petitioner who files a petition that on its face is unexhausted may have other exhausted

14

claims that could have been raised. Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.

Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (internal citations omitted).; see also Murphy v. Feneis, No. 07-153, 2007 WL 2320540 at *7 (D.Minn. Aug. 10, 2007) (refusing to extend Rhines to stay a § 2254 petition containing only unexhausted claims); Jones v. Dwyer, No. 05-948, 2007 WL 1747007 at *3 (E.D.Mo. June 18, 2007) (dismissing without prejudice a § 2254 petition containing only unexhausted claims); Moore v. Schoeman, 288 F.3d 1231, 1132 (10th Cir. 2002) (holding that a district court may dismiss a § 2254 petition containing only unexhausted claims or may deny the petition on the merits under § 2254(b)(2)).[8] As Mr. Richards' § 2254 petition contains *only* unexhausted claims, the proper course is to dismiss the petition without prejudice to allow him to pursue state court remedies. The court would advise Mr. Richards to be cognizant of the one-year statute of limitations governing § 2254 petitions and to act expeditiously to avoid running afoul of the limitations period once he has exhausted his state court remedies.

---

[8]Section 2254(b)(2) states that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." See 28 U.S.C. § 2254(b)(2).

## CONCLUSION

The court recommends that respondent's motion to dismiss [Docket 24] be granted in part and denied in part in that Mr. Richards' § 2254 petition should be dismissed *without prejudice* to refiling once he has exhausted state court remedies for all of his claims. The court also recommends that Mr. Richards' motion for immediate release, just compensation, and the return of life, liberty, and property [Docket 26] be denied in light of the recommended dismissal of his § 2254 petition. The court recommends that Mr. Richards' motions for appointment of counsel [Docket 9, 26, & 30] be denied as moot.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the district court. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated May 14, 2009.

        BY THE COURT:

        /s/ *Veronica L. Duffy*
        VERONICA L. DUFFY
        UNITED STATES MAGISTRATE JUDGE