UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| TERRANCE G. RICHARDS, | ) | Civ. 09-5021-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| STATE OF SOUTH DAKOTA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Terrance G. Richards, filed a pro se petition for writ of habeas corpus in United States District Court under 28 U.S.C. § 2254. The case was assigned to United States Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B) for the purpose of conducting any necessary hearings, including evidentiary hearings.

On May 14, 2009, Magistrate Judge Duffy submitted her Report and Recommendation for disposition of this case to the court. The ten-day time period for objections has passed. Richards filed his objection to the Report and Recommendation on May 14, 2009, and has filed additional motions and objections subsequent to that date. De novo review is required to any objections that are timely made and specific. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990). Having reviewed the matter de novo, the court adopts the magistrate judge's Report and Recommendation as supplemented herein and dismisses the case without prejudice because Richards failed to exhaust his state court remedies and no special circumstances have been shown.

Richards entered a plea of guilty to one count of attempted burglary in the third degree, and on November 4, 2008, was sentenced to four years imprisonment with credit for 133 days served. A judgment of conviction was entered on November 10, 2008, and filed on November 17, 2008. Richards did not appeal his judgment of conviction to the South Dakota Supreme Court nor initiate state habeas proceedings. He did file a petition for writ of habeas corpus pursuant to 28 U.S.C § 2254 in federal court on February 23, 2009.

Section 2254 provides for exhaustion of state remedies, and exceptions to the exhaustion requirement, as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Richards does not dispute that he failed to exhaust his state-court remedies. Rather, he contends that exhaustion is not necessary because the state courts are biased; the state courts do not have jurisdiction over him, an Indian, because the crime was committed at Boomdocks Bar and Grill, which should be under exclusive federal jurisdiction; and the federal courts have an obligation to protect American Indians from tactics that infringe upon the plenary powers of Congress.

Tribal sovereignty and state-tribal relations are serious questions. And "federal courts historically have protected tribal sovereignty from state interference." Davis v. Muellar, 643 F.2d 521, 526 (8th Cir. 1981). The Eighth Circuit Court of Appeals recognized in Davis, however, that when there is a pending state criminal prosecution against an Indian defendant in which the petitioner's rights may be recognized, then neither the asserted tribal interests, the petitioner's individual interest, nor any combination of the two, justifies the exercise of federal habeas jurisdiction. Id. Similarly here, when the petitioner can bring a state habeas action in which his rights or the tribal interests may be recognized, then the exercise of federal habeas jurisdiction is not justified.

The Eighth Circuit Court of Appeals has not recognized an exception to the exhaustion requirement for bias, but has recognized that the exhaustion requirement can be waived when it "would be futile in light of the state's vindictive actions toward [petitioner] in the past." Thompson v. Missouri Board of Parole, 929 F.2d 396, 399 (8th Cir. 1991). In Thompson, the petitioner's first conviction was vacated because the prosecution withheld material evidence. After retrial, his second conviction was vacated when the Eighth Circuit found that his jury was unconstitutionally selected. After his third trial, he was sentenced to life imprisonment. Thompson was later denied parole without a hearing. The federal district court granted a writ of habeas corpus on the ground that the denial of his parole was vindictive. The grant of

the writ was affirmed on appeal. The court ordered that Thompson should be released on parole. When Thompson refused to report to the parole board a year later after claiming that he had served the maximum five-year parole term, the Missouri officials lodged a detainer against him. He filed another federal habeas action, without first filing a state habeas. The district court found that Thompson was not required to exhaust his state court remedies first because the Missouri courts had acted vindictively against him rendering exhaustion futile. Id. at 397-98. Based on this record, the Eighth Circuit agreed that Thompson's failure to exhaust should be excused because of the previous findings by the Eighth Circuit that Missouri courts had acted vindictively against Thompson, rendering exhaustion futile. Id. at 398.

The facts before this court are not similar to those in Thompson and do not support a finding of vindictiveness. Richards has presented no evidence that the state courts have acted vindictively towards him. This is not a case where his conviction was previously set aside or where Richards can identify an act on the part of the state court that appeared retaliatory in nature. Furthermore, there has been no previous finding of state retaliation made by this court. Thus, this court cannot conclude that the state's actions support a finding of vindictiveness. See Mellot v. Purkett, 63 F.3d 781, 785 (8th Cir. 1995) (State court's delay of 17 months to act on Mellott's state habeas petition not vindictive).

Exhaustion has also been waived "in rare cases where exceptional circumstances of peculiar urgency are shown to exist." Id. at 785. In order to establish exceptional circumstances on this ground, the petitioner generally must show a need for an urgent decision and the existence of some additional factor, such as state court delay plus discrimination against the petitioner or that the state has been "unnecessarily and intentionally dilatory." See Jones v. Solem, 739 F.2d 329, 331 (8th Cir. 1984). But "a strong presumption exists as to require the prisoner to pursue his available state remedies." Mellott, 63 F.3d at 785. Richards has not made a showing of state court delay or that the state has been unnecessarily and intentionally dilatory. Thus, Richard is not entitled to waiver of the exhaustion requirement under this ground either.

Because the court finds neither the outrageous delay nor the exceptional circumstances required to bypass available state remedies, Richards needs to exhaust his available state remedies on all his claims before federal court will consider the merits of the claims. The state has acknowledged in its brief that the State of South Dakota imposes no statute of limitations on the filing of a state habeas petition. See SDCL 21-27-3.2.

Now, therefore, it is hereby

ORDERED that the Report and Recommendation of Magistrate Judge Duffy is accepted in full as supplemented by this opinion, and petitioner's pro se petition for habeas corpus is denied in all respects without prejudice.

Respondent's motion to dismiss without prejudice petitioner's habeas corpus petition (Docket 24) is granted.

IT IS FURTHER ORDERED that petitioner's motions to appoint counsel (Dockets 9, 30) are denied as moot.

IT IS FURTHER ORDERED that petitioner's motions for immediate release of defendant, miscellaneous relief, to add other motions, for law and rescue from kidnap, for immediate release because of no jurisdiction, and to dismiss (Dockets 26, 35, 37, 38, 41, 43, and 44) are denied as moot.

IT IS FURTHER ORDERED that based upon the reasons set forth herein and pursuant to Fed. R. App. P. 22(b), the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability is denied.

Dated August 28, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE